UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : : |
| Plaintiff, | : :   Case No. 4:22-cv-000558 (SDJ) |
| v. | : : |
| JUSTIN R. KIMBROUGH, *et al.*, | : : : |
| Defendants. | : : |

**FINAL JUDGMENT AS TO PROSPERITY CONSULTANTS, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Prosperity Consultants, LLC ("Prosperity" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

1

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A)    any investment in or offering of securities;

    (B)    the prospects for success of any product or company;

    (C)    the use of investor funds;

    (D)    compensation to any person; or

    (E)    the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

### SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(1) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in

interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud; or

 (b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

  (A) any investment in or offering of securities;

  (B) the prospects for success of any product or company;

  (C) the use of investor funds;

  (D) compensation to any person; or

  (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

### DISGORGEMENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and defendant Justin R. Kimbrough are jointly and several liable for and shall pay disgorgement of

3

ill-gotten gains in the amount of $1,137,437.45, with prejudgment interest in the amount of $86,882.82.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's obligation to make this payment shall be deemed satisfied by the entry of the forfeiture order in the related criminal case *United States v. Justin Kimbrough*, Crim. No. 22-152 (E.D. Tex.).

## IV.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**So ORDERED and SIGNED this 5th day of August, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE