**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>TERRY NIKOPOULOS, §<br>JUSTIN R. KIMBROUGH, §<br>TKJ INVESTMENTS CORP., §<br>TKJ HOLDINGS CORP., §<br>PREEMINENT TRADE GROUP INC., §<br>THE ELYTE GROUP CORP., and §<br>PROSPERITY CONSULTANTS, LLC, §<br>§<br>Defendants. §<br>§ | Case No.: 4:22-cv-000558 |

**PLAINTIFF'S RENEWED MOTION FOR FINAL DEFAULT JUDGMENT
AGAINST DEFENDANTS TERRY NIKOPOULOS, TKJ INVESTMENTS CORP.,
TKJ HOLDINGS CORP., PREEMINENT TRADE GROUP INC.,
THE ELYTE GROUP CORP., AND UPDATED PROPOSED FINAL JUDGMENT**

Plaintiff Securities and Exchange Commission respectfully renews its April 19, 2023 Motion (ECF No. 46) for Final Default Judgment Against Defendants Terry Nikopoulos, TKJ Investments Corp., TKJ Holdings Corp., Preeminent Trade Group Inc., and The Elyte Group Corp. The SEC brings this Motion to correct a few minor discrepancies in the previous Judgments entered against these Parties.

In support of this renewed Motion, the SEC relies on its original Brief in Support (ECF No. 46), Declaration (ECF No. 46-2), and Proposed Order (ECF No. 46-3). Attached to this renewed Motion, the SEC encloses an updated proposed Final Judgment (Attachment A), which contains minor ministerial edits but is substantively identical to the proposed Final Judgment submitted as part of its original motion (ECF No. 46-1) in all but the following four respects.

1

First, Part V of the updated, proposed Final Judgment adds the following language to clarify that Nikopoulos is enjoined from violating both subsections of Section 5(a) of the Securities Act of 1933 [15 U.S.C. § 77e(a)]: "unless a registration statements is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale." (Attachment A, at 5.) This edit merely makes clear the scope of the injunctive relief.

Second, Part VI of the updated, proposed Final Judgment permits Nikopolous to purchase and sell "securities listed on a national securities exchange for his own personal account." (Attachment A, at 5.) This modification is consistent with the requested relief as discussed in the SEC's Brief in Support (ECF No. 46), and with the relief granted by the Court as to Nikopoulos's co-defendant, Justin R. Kimbrough, in its recent order. (ECF No. 61, at 6.)

Third, the updated, proposed Final Judgment adds cites to Section 21(d)(1) of the Exchange Act [15 U.S.C. § 78u(d)(5)] and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] in Part VI, and updates a cite from 17 C.F.R. § 1005 to 17 C.F.R § 1001 in part VIII.

Fourth, the updated, proposed Final Judgment omits a Rule 54(b) certification, because no other claims or defendants will remain in the case after entry of this Final Judgment.

If the Court grants the relief requested by this Motion, no Parties will suffer prejudice and the Court can then administratively close this case as all matters before the Court have been resolved.

For the reasons stated in its original Brief in Support, Plaintiff respectfully renews its request that the Court issue a Final Judgment awarding the Commission the requested injunctive and monetary relief.

Dated:  August 13, 2025

/s/    *John B. Timmer*
James Carlson (*pro hac vice*)
        (202)551-3711 / CarlsonJa@SEC.gov
John Timmer (*pro hac vice*)
        (202)551-7687 / TimmerJ@SEC.gov
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, I filed a copy of the foregoing using this Court's CM/ECF system and thereby caused a copy of the document to be served electronically on all parties of record.

/s/    *John B. Timmer*
Counsel for Plaintiff