# ATTACHMENT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TERRY NIKOPOULOS,<br>JUSTIN R. KIMBROUGH,<br>TKJ INVESTMENTS CORP.,<br>TKJ HOLDINGS CORP.,<br>PREEMINENT TRADE GROUP INC.,<br>THE ELYTE GROUP CORP., and<br>PROSPERITY CONSULTANTS, LLC,<br><br>Defendants. | Case No.: 4:22-cv-000558 |

**FINAL JUDGMENT AS TO DEFENDANTS TERRY NIKOPOULOS, TKJ INVESTMENTS CORP., TKJ HOLDINGS CORP., PREEMINENT TRADE GROUP INC., and THE ELYTE GROUP CORP.**

Plaintiff Securities and Exchange Commission ("Plaintiff" or the "Commission" or "SEC") filed a Complaint ("Complaint") in this action, Defendants Terry Nikopoulos ("Nikopoulos"), TKJ Investments Corp. ("TKJ Investments"), TKJ Holdings Corp. ("TKJ Holdings"), Preeminent Trade Group Inc. ("Preeminent"), and The Elyte Group Corp. ("Elyte"), were duly served with the Complaint but failed to answer or otherwise defend themselves, and the District Clerk entered a default against them.  Thereafter, the Commission filed a Motion for Final Judgment by Default against Nikopoulos, TKJ Investments, TKJ Holdings, Preeminent, and Elyte, which the Court granted.  Therefore:

1

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Nikopoulos, TKJ Investments, TKJ Holdings, Preeminent, and Elyte are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) [17 CFR §§ 240.10b-5(a) and (c)] promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud

    (b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Nikopoulos, TKJ Investments, TKJ Holdings, Preeminent, and Elyte are permanently restrained and enjoined from violating, directly or indirectly, Sections 17(a)(1) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(1) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud; and

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Nikopoulos, TKJ Investments, Preeminent, and Elyte are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) [17 CFR § 240.10b-5(b)] promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Nikopoulos is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Nikopoulos's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Nikopoulos or with anyone described in (a).

## V.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Nikopoulos is permanently restrained and enjoined from violating Sections 5(a) and (c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of

transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Nikopoulos's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Nikopoulos or with anyone described in (a).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 21(d)(1) and (d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)] and Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Nikopoulos is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Nikopoulos, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent Nikopoulos from purchasing or selling securities listed on a national securities exchange for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Nikopoulos's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Nikopoulos or with anyone described in (a).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Nikopoulos is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C § 78o(d)].

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Nikopoulos, TKJ Holdings, and Elyte are jointly and severally liable for disgorgement of $632,651, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $54,069.10. Nikopoulos, TKJ Holdings, and Elyte shall satisfy their joint and several obligation by paying $686,720.10 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Nikopoulos is further liable for a civil penalty in the amount of $632,651 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and 17 C.F.R. § 201.1001. Nikopoulos shall satisfy his individual obligation by paying an additional $632,651 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Nikopoulos, TKJ Holdings, and Elyte may transmit payment electronically to the

Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Nikopoulos, TKJ Holdings, and Elyte as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Nikopoulos, TKJ Holdings, and Elyte shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Nikopoulos, TKJ Holdings, and Elyte relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Nikopoulos, TKJ Holdings, or Elyte.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures and remedies authorized by law at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Nikopoulos, TKJ Holdings, and Elyte shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed to injured investors pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Nikopoulos shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Nikopoulos's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Nikopoulos's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Nikopoulos shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Nikopoulos by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.